NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-3245

AMERICAN STATES INSURANCE COMPANY

v.

ROBERT N. HODEN; DIANE S. HODEN, Co-Administrators of the Estate of Eric
Hoden, Deceased,

                              Appellants

On Appeal from the United States District Court
for the Western District of Pennsylvania
District No. 03-cv-00110
District Judge: Honorable Sean J. McLaughlin

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2005

Before: Sloviter, McKee, & Weis Circuit Judges

Opinion Filed August 1, 2005

McKee, Circuit Judge.

    Robert N. Hoden and Diane S. Hoden, co-administrators of the estate of Eric Hoden, appeal the order of the District Court granting American States Insurance Company's ("SAFECO") motion for summary judgment in the action it brought for declaratory relief to determine the scope of coverage under a disputed insurance policy.

The District Court ruled that Eric Holden was not an intended insured under that policy SAFECO. For the reasons that follow, we will affirm.

Since we write primarily for the parties who are familiar with this dispute, we need not set forth the factual or procedural details except insofar as may be helpful to our brief discussion.

The District Court rejected the Hoden's claim that Robert Hoden is individually insured and instead concluded as a matter of law that the intended insured under SAFECO's policy is "'Robert N. Hoden and Mark Hoden d/b/a/ Hoden Electric'" [brackets in original]. App. at 16.

Our review of the District Court's grant of summary judgment is plenary. *Celotex Corp. V. Catrett*, 44 U.S. 317, 322 (1986). "Summary judgment is appropriate when there are no issues of material fact...and the moving party is entitled to judgment as a matter of law." *W.B. v. Matula*, 67 F.3d 484, 493 (3d Cir. 1995). Diversity jurisdiction was established under 28 U.S.C. §1332, and the parties agree that Pennsylvania law governs this dispute.

In its comprehensive and thorough Memorandum Opinion dated July 27, 2004, the District Court explained its conclusion that Eric Hoden was not an intended insured under the disputed insurance policy. We can add little to the District Court's discussion, and we

will therefore affirm substantially for the reasons set forth by the District Court in its Memorandum Opinion.

We do note, however, that the Hoden's argue on appeal that the District Court erred in considering extrinsic evidence as there is no ambiguity in the insurance policy. Appellants' Br. at 7 ("Absent an ambiguity, the court should not have considered extrinsic evidence . . . ."). However, we need not respond to that contention in detail because it is clear from the Memorandum Opinion that, although the court discussed extrinsic evidence, it relied upon the text of the policy in reaching its holding. Extrinsic evidence such as the insurance application and the insurance agent's statements merely confirmed the result the court reached based upon the policy itself. The court explained,

> "[t]hat the various business auto coverage endorsements, including the UIM endorsement, are part of one general policy with Hoden Electric as the named insured is confirmed by the Declarations Page. . . . Taken as a whole, the policy suggests that the partnership's commercial auto coverage is generally outlined under the Business Auto Coverage Form, but tailored (i.e. modified) to conform with the requirements of Pennsylvania law in the various Endorsements."

App. at A14-A15.

Then, after discussing the "reasonable expectation of the insured," App. at A15, the court stated: "There is no evidence in this record to suggest that, . . . the Hodens sought individual coverage for Robert Hoden, either with respect to UIM insurance or any other aspect of the business auto coverage." *Id*. We agree.

Accordingly, we will affirm the Order of the District Court dated July 27, 2004, granting summary judgment to SAFECO.